# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEROME BURKHART,**
   Petitioner,

  v.           **Case No. 11-C-0704**
                **(Criminal Case No. 10-CR-87)**

**UNITED STATES OF AMERICA,**
   Respondent.

## RULE 4 ORDER

  Petitioner Jerome Burkhart moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. I sentenced petitioner to a total of 216 months in prison on his guilty pleas to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c). He took no appeal and brings the instant motion pro se, presenting two grounds for relief: (1) his lawyer provided ineffective assistance in forcing him to plead guilty, and (2) he was entrapped into committing the crimes.

  Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the district court must conduct a preliminary review of a § 2255 motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must

dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response . . . .

Rule 4(b), Rules Governing § 2255 Proceedings.

The ineffective assistance ground presents at least a colorable constitutional claim, see, e.g., Hill v. Lockhart, 474 U.S. 52 (1985), which petitioner did not have to raise on direct appeal, see Massaro v. United States, 538 U.S. 500 (2003). However, the entrapment claim was waived by petitioner's guilty plea and may not be raised now. See, e.g., Eaton v. United States, 458 F.2d 704, 707 (7th Cir. 1972); United States v. Scruggs, No. 3:07CR192, 2011 WL 1832769, at *12 (N.D. Miss. May 13, 2011); Dones v. United States, No. 08 Civ. 926, 2010 WL 184451, at *4 (S.D.N.Y. Jan. 19, 2010).[1]

**THEREFORE, IT IS ORDERED** that the government provide a response to petitioner's ineffective assistance claim on or before **September 1, 2011**. Petitioner's entrapment claim is **DENIED**. Petitioner moves for leave to proceed in forma pauperis, but because § 2255 actions carry no filing fee this motion (R. 2) will be **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 1st day of August, 2011.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[1] To the extent that petitioner claims his lawyer failed to investigate or pursue an entrapment claim, such claim merges with his first ground for relief.