# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEROME BURKHART,**
        **Petitioner-Defendant,**

    v.                               **Case No. 11-C-0704**
                                     **(Criminal Case No. 10-CR-87)**

**UNITED STATES OF AMERICA,**
        **Respondent-Plaintiff.**

## DECISION AND ORDER

Petitioner Jerome Burkhart filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his 216 month prison sentence on drug and gun charges. I ordered the government to respond and permitted petitioner to reply. I now deny the motion without a hearing.

## I. BACKGROUND

The government charged petitioner with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (count one), contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846; conspiracy to obstruct commerce by robbery (count two), contrary to 18 U.S.C. § 1951; possession of a firearm in furtherance of a drug trafficking offense (count three), contrary to 18 U.S.C. § 924(c); and felon in possession of a firearm (count four), contrary to 18 U.S.C. § 922(g)(1). The charges arose out of his participation in a scheme to rob a fictitious drug supplier of cocaine, part of a government sting operation.

On July 9, 2010, petitioner pled guilty to counts one and three, and on October 15, 2010, I sentenced him to 156 months on count one and 60 months consecutive on count three, for a total of 216 months. He took no appeal.

On July 22, 2011, petitioner filed a motion to vacate under § 2255, rasing two grounds for relief: (1) his lawyer provided ineffective assistance of counsel, forcing him to plead guilty; and (2) he was entrapped into committing the crimes. I screened the motion pursuant to Rule 4 of the Rules Governing Section 2255 proceedings, finding the entrapment claim waived by petitioner's guilty plea, see, e.g., Eaton v. United States, 458 F.2d 704, 707 (7th Cir. 1972); United States v. Scruggs, No. 3:07CR192, 2011 WL 1832769, at *12 (N.D. Miss. May 13, 2011); Dones v. United States, No. 08 Civ. 926, 2010 WL 184451, at *4 (S.D.N.Y. Jan. 19, 2010), and ordering the government to answer the ineffective assistance claim.[1] The government filed its response (along with an affidavit from petitioner's trial counsel) on August 31, 2011, and I afforded petitioner until September 16, 2011 to reply. The court heard nothing further from petitioner until June 29, 2012, when he wrote requesting a copy of the docket sheet. Given a possible mix-up regarding petitioner's place of confinement, I permitted him until July 20, 2012 to file a reply. He did so on July 10, 2012.

## II. DISCUSSION

**A.     Applicable Legal Standards**

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for

---

[1] I noted that to the extent petitioner claimed that his lawyer failed to investigate or pursue an entrapment defense, such argument merged with his ineffective assistance claim.

2

full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Consequently, it provides relief based only on legal errors that are jurisdictional, constitutional, or constitute a fundamental defect which inherently results in a complete miscarriage of justice. See, e.g., United States v. Springs, 988 F.2d 746, 748 (7th Cir. 1993); Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir. 1992).

Generally, claims not raised on direct appeal may not be litigated collaterally. See, e.g., Fuller v. United States, 398 F.3d 644, 648 (7th Cir. 2005). However, ineffective assistance of counsel claims may be raised for the first time under § 2255. See Massaro v. United States, 538 U.S. 500, 504 (2003). In order to establish an ineffective assistance claim, the petitioner must show that his lawyer performed deficiently and that the deficiency prejudiced his defense. See Strickland v. Washington, 466 U.S. 668 (1984). In order demonstrate deficient performance, the petitioner must come forward with specific acts or omissions of his counsel falling outside the wide range of professionally competent assistance. Hutchings v. United States, 618 F.3d 693, 697 (7th Cir. 2010). To establish prejudice in the pleading context, the petitioner must prove that there is a reasonable probability that he would not have pled guilty absent his attorney's deficient conduct. Id. (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In order to make that showing, he must do more than simply allege that he would have insisted on going to trial; he must also come forward with objective evidence that he would not have pled guilty. Id.

The district court may deny a § 2255 motion without a hearing if the petitioner makes conclusory or speculative allegations rather than specific factual allegations. Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995). The court may likewise summarily deny a motion based on factual allegations

3

that are contradicted by the record.  See Eaton, 458 F.2d at 706; see also Cooper v. United States, 378 F.3d 638, 641-42 (7th Cir. 2004); Pelley v. United States, 214 F.2d 597, 599 (7th Cir. 1954).

**B.    Analysis**

In his § 2255 motion, petitioner alleges:

> I was forced to plea guilty even though I did not want to because my [lawyer] insisted the A.T.F. sting [operation] happened as planned, but he didn't even look at any of the videos or listen to any of the recordings.  I know, because after I signed off on my guilty plea I was able to look at and listen to the evidence provided on C.D. and everything I saw and heard was the [absolute] opposite of everything my lawyer told me he saw and heard.

(Motion at 8-9.)

Petitioner's claim that he was forced to plead guilty is flatly contradicted by the record. During the plea colloquy, I had the following exchange with petitioner:

> THE COURT: Has anybody forced you or threatened you to get you to plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anybody made any promises to you other than what's in the plea agreement?
>
> THE DEFENDANT: No.
>
> THE COURT: You're doing this voluntarily?
>
> THE DEFENDANT: Yes.

(R. 35 at 5-6.)[2]  I also asked petitioner if he had enough time to talk to, and was satisfied with, his lawyer, and he said yes.  (Id. at 3.)  A claim that can succeed only if the defendant lied to the judge during the plea colloquy may be rejected out of hand unless the defendant has a

---

[2]Record citations are to the docket in the underlying case, No. 10-CR-87.

4

compelling explanation for the contradiction. United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005); see also United States v. Stewart, 198 F.3d 984, 986 (7th Cir. 1999). Petitioner offers no such justification here.

Petitioner claims that his lawyer misrepresented the evidence, but he fails to explain how this coerced his plea. During the plea colloquy, petitioner admitted that the facts contained in attachment A to the plea agreement (R. 16 at 15-18), which set forth in detail the evidence against him, were substantially correct (R. 35 at 6). He further stated that he understood what the government had to prove to convict him (id. at 3), and that he was pleading guilty because he was guilty (id. at 6). Given these facts of record, even if counsel did fail to sufficiently review the discovery with petitioner (an allegation counsel disputes),[3] the claim would fail. A defendant's subsequent realization that the government had less evidence than he initially believed, or that he entered the plea before he had a chance to review the discovery, will not undermine a plea supported by an adequate factual basis. See United States v. Underwood, 174 F.3d 850, 854 (7th Cir. 1999).[4]

---

[3] Counsel avers that he met with petitioner about nine times prior to entry of the plea; that he thoroughly reviewed the discovery and discussed the discovery at length with petitioner; and that he found petitioner to be cooperative and intelligent. Counsel specifically indicates that he discussed the recordings with petitioner, and petitioner expressed a recollection of the conversations to which he was a party. Counsel states that after meeting with petitioner on a number of occasions, petitioner expressed a desire to resolve his case with a guilty plea and seek cooperation credit by debriefing with law enforcement. At his request, he was debriefed on May 26, 2010. Finally, counsel indicates that he reviewed every paragraph of the plea agreement with petitioner, as well as the facts contained in attachment A; at no time did petitioner contest any of the agreement's terms or the facts alleged in attachment A.

[4] In his original motion, petitioner provided no specifics as to how his lawyer misrepresented the evidence. He elaborates somewhat in his reply letter, discussing the recordings, but he still fails to overcome the factual basis to which he admitted during the plea colloquy. Petitioner also claims, both in the reply letter and in the section of his motion pertaining to direct appeal, that his lawyer never informed him that he had 10 days to appeal

5

Finally, petitioner contends (in conjunction with his entrapment claim) that he was "appointed an Attorney that did not represent me other than showing up at court. In essence, he was [against] me. I was [pressured], lied to, tricked, and [taken] for granted." (Motion at 9.) In addition to being contrary to petitioner's representations during the plea hearing, quoted above, these kinds of conclusory allegations are insufficient to warrant a hearing. See Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002).

Nor does petitioner make any attempt to demonstrate that his lawyer should have pursued an entrapment defense, or that such a defense had any chance of success. In his affidavit, counsel avers that he explored the possibility of an entrapment defense, but after discussing the evidence (including the contents of the recordings) and the legal requirements, he and petitioner came to the conclusion that such a defense would not be viable. The record supports that conclusion. As indicated in attachment A to the plea agreement, two different confidential informants advised law enforcement that petitioner was looking for someone to rob. After one of the informants told petitioner that he had a robbery for a lot of kilos of cocaine,

---

his case. Counsel filed a letter after the sentencing hearing indicating that he consulted with petitioner about an appeal, and petitioner declined to initiate one. (R. 27.) In any event, I advised petitioner on the record of his right to appeal (R. 25 at 2); he does not allege that he told his lawyer to appeal but counsel failed to file the notice; and the failure of his § 2255 claim is unrelated to his failure to file a direct appeal, making petitioner's claims in this regard gratuitous. Finally, petitioner claims in the reply that he originally wanted to fight the case, but his lawyer urged him to take a plea because no one wins against the federal government; he states that his lawyer did not care whether he was sent to prison for a crime he did not commit, and that counsel took advantage of his mental state and ignorance of the law. Given the strength of the evidence set forth in attachment A, counsel's advice to plead seems more than reasonable, and petitioner's bald claims of innocence and mental instability are insufficient. See United States v. Walker, 447 F.3d 999, 1004-05 (7th Cir. 2006) (denying motion to withdraw plea where the defendant claimed he was "anguished and distraught"); United States v. Salgado-Ocampo, 159 F.3d 322, 326 (7th Cir. 1998) (noting that claims of innocence alone do not mandate permission to withdraw a plea; such assertions must be buttressed by facts in the record which support a claimed defense).

6

petitioner responded, "Hell yeah, I'm ready for that." (R. 16 at 15.) During subsequent calls petitioner continued to express enthusiasm about the planned robbery. At one point he stated, "This is our job, this is what we do." (R. 16 at 16.) On other occasions, petitioner called the informant to check on the status of the cocaine shipment and to advise that he had weapons for the job. Law enforcement ultimately arrested petitioner at the meet site, in possession of a loaded 9 mm pistol. During a post-arrest interview, petitioner admitted that he was there to rob the drug supplier, and that once he got the drugs he was planning to sell them cheap to make money. He also admitted that he robbed a different drug dealer of $1200 the previous week in Racine. As I indicated in imposing sentence, given the content of the recorded conversations, there could be little doubt that petitioner would have gone through with the robbery had this not been a sting operation. I also rejected the suggestion that the crime occurred because the informant targeted petitioner knowing him to be in financial distress; rather, petitioner seemed eager to participate.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were

7

adequate to deserve encouragement to proceed further.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  For the reasons stated above, petitioner cannot make such a showing, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 23rd day of July, 2012.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge